# Richmond

ARTHUR L. SEARLS, ET ALS. V. MARSHALL T. PERRY, ET ALS.

March 4, 1946.

Record No. 3001.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and Spratley, JJ.

The opinion states the case.

*Phillips, Marshall & Blalock*, for the appellants.

*James G. Martin & Son, John C. Davis, Nathaniel T. Green* and *Willcox, Cooke & Willcox*, for the appellees.

CAMPBELL, C. J., delivered the opinion of the court.

The controlling question presented for our determination is the proper interpretation of the fifth clause of the will of Mary Virginia Holland, which is as follows:

"All the rest and residue of my estate, real personal or mixed, wherever situated, I devise and bequeath unto my trustee, hereinafter named in trust for the following purposes. The trustee shall pay to my husband, James T. Holland, the sum of One Hundred Fifty dollars ($150.00) per month for maintenance and support, or in the discretion of the trustee the said sum may be used for his maintenance and support. The said trustee in his discretion may pay or use any sum or sums of the principal in any emergency or sickness to the benefit of the said James T. Holland."

There is no controversy as to the material facts.

Testatrix was the wife of James T. Holland, to whom she had been married many years, and they were known as a devoted couple. For several years they had conducted a small restaurant, from the proceeds of which they were enabled to live comfortably, though frugally. Twenty or more years prior to the death of the testatrix the husband

was appointed a justice of the peace in the city of Norfolk, which office was a most lucrative one in that it enabled him to accumulate a considerable estate, composed of both real and personal property. The husband and wife adopted a plan by which all moneys derived from his office were turned over to the wife and a portion thereof was invested in real estate which was conveyed to her for the apparent ultimate benefit and ownership of the survivor. At the time of her death testatrix owned two pieces of real estate of the approximate value of six thousand dollars each, and had on deposit in bank the sum of thirteen thousand dollars.

The heirs at law of testatrix, in case the fifth clause of the will is invalid, are the appellants, Arthur L. Searls, P. J. Searls, Annie L. Searls and William T. Searls. The evidence shows that the relatives of the testatrix were infrequent visitors to the home and her will fails to show they were the objects of her bounty.

In the first clause of her will testatrix directed the payment of debts; in the second clause she bequeathed the sum of $250 to Saint Mary's Catholic Church; in the third clause she bequeathed the sum of $100 to the pastor of the church, to be used for masses for the repose of her soul; in the fourth clause she bequeathed the sum of $1,000 to appellees, Marshall Perry and Idelle Perry; and by the sixth clause she nominated and named Clinton J. Curtis as executor and trustee.

On the 24th day of February, 1944, Mrs. Holland departed this life. Her will was duly probated and Curtis qualified as her executor and trustee. On September 29, 1944, James T. Holland died, leaving a will by which he devised the residence, situated on E. 29th street, and Lots 7-8, Block 12, 27th street, to Idelle Perry and Marshall T. Perry, and bequeathed to Mrs. Perry certain personal property. The motive for the devise and bequest is clearly indicated by this language: "To my devoted friends, Marshall Truxton Perry and Idelle Perry, his wife, who have been as son and daughter to me."

Testator, in the third clause of the will, devised to his nieces, Pansy McDermott and Rilla Parker, a house on 27th street and Lots 5-6, Block 12, 27th street. To John T. Riley he left a diamond ring. The residue of the personal estate was bequeathed to Helen Davis, Rilla Parker, Pansy McDermott and Fanny Curling. It is a significant fact that appellants were not mentioned in the will of James T. Holland.

The cause was submitted upon oral evidence and the bill of complaint and the several answers thereto. The final decree entered by the court, in so far as material, was as follows:

"Upon consideration whereof, the Court doth adjudge, order and decree that James T. Holland took and is entitled to a fee simple and absolute estate in all the property passing under the residuary clause of the will of Mary Virginia Holland, deceased; and that the legatees and devisees under the will of James T. Holland, deceased, are entitled in fee simple and absolutely to the property devised and bequeathed, as mentioned in his will * * ."

In the construction of wills, the crucial question to be determined is the intention of the testator or testatrix as exemplified by the language of the will itself. As was said in *Smith* v. *Smith*, 122 Va. 341, 351, 94 S. E. 777:

"The intent of the testator must be gathered from the will itself; from the words used, the true meaning of the words. While decided cases give much assistance in the interpretation of wills, it is also fairly true as has been said, that 'No will has a twin brother;' therefore, it frequently happens, as in this case, that no decided case is exactly in point, the words of the will differing, though slightly, in each case."

The contention of appellants is thus set forth in the petition for appeal:

"Appellants contend that the proper construction of the will of Mary Virginia Holland will result in a decision that James T. Holland was entitled to receive from the trust

fund created by the residuary clause of said will, so long as he lived, only the monthly sum of One Hundred, Fifty Dollars ($150.00) for his maintenance and support, and that a resulting trust thereafter arose in favor of the heirs and next of kin of the testatrix as to that portion of the said trust fund remaining unexhausted by the aforesaid monthly payments."

We are unable to concur with this contention.

It is conceded by appellants that Mrs. Holland did not die intestate as to any of her estate and, therefore, the question of intestacy is not here involved.

While it is the settled rule in Virginia that accompanying facts and circumstances are always admissible in a case of disputed interpretation of a will, it is unnecessary, in view of our ultimate conclusion, to consider the parole evidence introduced in this cause. *Jones* v. *Meeks,* 153 Va. 449, 150 S. E. 394.

To arrive at a proper construction of the will of the testatrix, Mary Virginia Holland, we must look to the will itself. The crux of the language employed in the fifth clause of the will is this: "All the rest and residue of my estate, real personal or mixed, wherever situated, I devise and bequeath unto my trustee * * * for the following purposes."

This language, in explicit terms, vested in the trustee the legal title to all the residue of the estate of testatrix. There could be no inheritance of the estate by her heirs, for the reason that there was no residuum to inherit.

This conclusion is accentuated by the fact that no person other than James T. Holland is named or indicated in the will as having or taking any interest in the trust created by the residuary clause. In the residuary clause we find no language which suggests that testatrix intended that her property should pass to her heirs. She vested the legal title to all of her estate in the trustee and, as stated, there is not the semblance of a suggestion that she contemplated a limitation over, after the specific devise to the trustee. That

it was the intention of testatrix to provide for the full care and comfort of James T. Holland is evinced by the fact that, if it became necessary to spend in excess of one hundred and fifty dollars a month for his maintenance and support, then the trustee was directed to use the entire estate to accomplish the desired purpose.

The fact that testatrix nominated a trustee to carry out her intention was, in our opinion, a purely protective measure during his life, and was in no sense an effort to deprive him of the right of disposition of the estate at his death. The fact that the legal title to the estate was vested in the trustee, without any words of limitation, is evidence of the legal conclusion that James T. Holland took an equitable interest in the estate coextensive with the legal interest of the trustee, *i. e.*, the fee.

In 2 Jarman on Wills (6th Ed.), p. 284, it is said:

"Where lands were devised to trustees in fee, in trust for a person or a class without any words of limitation, it was settled that unless a contrary intention appeared by the context, the *cestui que trust* took an equitable interest coextensive with the legal estate of the trustees, *i. e.*, a fee." (Why, it is asked, was the fee simple given to the trustee but for the benefit of the *cestui que trust?*)

While precisely the question here involved has not been heretofore considered by this court, the analogous doctrine where a legacy is bequeathed to a trustee for the benefit of a legatee has been considered.

In *Young* v. *Vass*, 1 Pat. & H. (3 Va.) 167, Judge Thompson said:

" * * * I feel warranted in laying it down as a clear proposition, upon the principles of reason, equity and justice, if there were no authorities to guide, that where a legacy is given to a person for a particular purpose, which it becomes impossible to appropriate to that purpose, without any fault or demerit on the part of the legatee, he ought, nevertheless, to be entitled to the legacy, and that the purposes for which it was given, expressed in the will, ought not to operate as condition to the bequest. And upon this very

plain and obvious principle, that the fund being designed for and appropriated to the benefit and advantage of the legatee, the mode in which it shall be applied or enjoyed is but a secondary object and consideration, and ought not to be held as entering into the substance of, or constituting a qualification or condition of the gift. And so we find, in this case (as we shall very generally, if not universally find), the rules of law or legal construction and reason concurring. That point has been so ruled and settled by authority in the cases of *Barlow* v. *Grant*, 1 Vern. 255; *Neville* v. *Neville*, 2 Ves. 431; *Burton* v. *Cooke*, 5 Ves. 462, cited in 1 Roper on Legacies, 430; 2 Lomax Ex. 73, 74, and cited and approved by our own Court of Appeals in *Rowlett* v. *Rowlett*, 5 Leigh (32 Va.) 20; * * * ." To the same effect is the holding in *Dunlop* v. *Harrison*, 14 Gratt. (55 Va.) 251, 266.

Upon the whole case, we are of opinion that the decree complained of is without error and it is, therefore, affirmed.

*Affirmed.*