## CIRCUIT COURT OF THE CITY OF STAUNTON

William E. Drolsbaugh et al.

v.

Shirley A. Lotts et al.

February 22, 2002

By Judge Humes J. Franklin, Jr.

This matter comes before this Court on Plaintiffs' Bill of Complaint challenging the validity of a writing admitted to probate by the Clerk of Court for the City of Staunton Circuit Court as the last will and testament of Bessie M. Sansig.

On January 8, 2002, the Court heard both parties on this matter and, subsequent to the hearing, both parties briefed the Court.

The document at issue is a single sheet of standard, 8½" x 11", white-colored paper. Three lines of handwritten text appear on the document, beginning approximately one third of the way down the page and extending horizontally across the page from the mid-point to the right margin. The first of the three lines of the text is printed by hand and consists of the words, "Shirley Lotts gets My Estate[.]" Underneath these words appears, in cursive handwriting, "Bessie M. Sansig[.]" Below that is the handwritten date "12/10/99[.]" The document also bears a photocopied image of Ms. Sansig's Virginia driver's license. The image of the license is centered on the left side of the page and oriented vertically. The document is free from any other markings.

Under well settled principles, the Court must examine the writing without the aid of extrinsic evidence to ascertain whether the writing, on its face, exhibits testamentary intent. "The determination whether the face of an instrument contains evidence of testamentary intent is a matter of law to be decided by the trial court." Moreover, "testamentary intent is determined by

looking at the document itself, not from extrinsic evidence." *Wolfe v. Wolfe*, 248 Va. 359, 360 (1994) (citing *Mumaw v. Mumaw*, 214 Va. 573, 577 (1974)). "Whether a particular writing evidences testamentary intent must be determined on a case-by-case basis." *Id.* (citing *Searls v. Perry*, 184 Va. 1044, 1047 (1994)).

Plaintiff urges the Court to follow *McCutchan v. Heizer*, 217 Va. 938 (1977), a case in which the Supreme Court of Virginia found a holographic document failed "to show on its face the required *animus testandi* to make it a testamentary document." *McCutchan*, 217 Va. at 942. The decedent in *McCutchan* prepared a holographic writing that included, among other statements, the statement that "George Payne gets those little walnut box. . . ." *Id.* at 939. Plaintiff likens this phrase in *McCutchan* to the phase "Shirley Lotts gets My Estate" contained in the writing at issue here.

The facts of *McCutchan*, though, are readily distinguishable from the instant case. In *McCutchan*, Virginia Supreme Court affirmed a Commissioner's finding that the holographic writing at issue in that case was not legally binding. The Commissioner determined that the writing was prepared by the decedent to serve as a memorandum referenced in a will previously executed by the decedent, and the Commissioner found that the writing was intended by the decedent to be precatory, and, moreover, the writing was not legally binding as it was not recorded as part of the decedent's previously executed will. *Id.* at 941-42.

After careful consideration, the Court finds that the writing under consideration here, on its face, exhibits evidence testamentary intent. First, the writing employs the word "Estate." While the Court is mindful that the word "estate" has, depending on context, more than one connotation, the Court cannot choose to ignore the meaning accorded to "estate" in the legal sense or as it is often used commonly. The Court would note that, in *Grimes v. Crouch*, 175 Va. 126 (1940), a valid holographic will was found when the decedent in that case, left, in his own hand, the following writing: "Ever thing left to sister for life times. C. A. GRIMES." *Grimes*, 175 Va. at 129. In doing so, the Virginia Supreme Court noted that, "the word 'left' is of testamentary significance and in that sense is in common use." *Id.* at 132. So, too, this Court finds that "estate" is of testamentary significance and, in that sense, is in common use. Among other definitions, "estate" is "the aggregate of property or liabilities of all kinds that a person leaves for disposal at his death. . . ." *Webster's Third New International Dictionary of the English Language*, Merriam Webster, Inc., 1993.

Moreover, the document here, while holographic, bears other indicia of testamentary intent, including formality and finality. The document is signed,

as in a formal manner, with Ms. Sansig's signature, and, below, the signature is dated. The fact that Ms. Sansig altered the style of her handwriting from hand printing in the first line of text to cursive in presenting her name in the second line manifests that she intended her name as a signature. See *Hamlet v. Hamlet*, 183 Va. 453 (1945) (stating that holographic wills, like other wills, are subject to the requirement that the person who writes his or her name must manifest that the name is intended as a signature). Additionally, the signature and the date are immediately below the statement "Shirley Lotts gets My Estate," and, as such, they also give an indication of finality. Also, the inclusion in the document, by Ms. Sansig, of her Virginia driver's license can be viewed as an additional effort at formality and as an attempt to provide confirmation, or self-authentication, of her signature.

Having determined that the writing, on its face, exhibits evidence of testamentary intent, the Court may consider extrinsic evidence in determining whether or not the document constitutes a valid testamentary instrument. "When the face of the instrument contains some evidence of testamentary intent, extrinsic evidence may be admitted to determine whether the instrument is testamentary in nature." *Bailey v. Kerns*, 246 Va. 158, 164 (1993) (citing *Grimes v. Crouch*, 175 Va. 126, 132-34 (1940)).

Extrinsic evidence also supports a finding that the holographic writing was prepared by Ms. Sansig with testamentary intent and that the writing is a valid holographic will. It is uncontested that, as required by Va. Code § 64.1-49, the document was written by Ms. Sansig wholly in her own hand and, at the January 8, 2002, hearing, three disinterested witnesses testified that it was written in her hand. See Transcript of January 8, 2002: Ms. Hildebrand, p. 40; Ms. Mitchell, p. 45; Ms. Bartley, p. 49.

Moreover, evidence was adduced at trial showing that the holographic writing was written three days before Ms. Sansig underwent a previously scheduled medical procedure to have a pacemaker implanted. The evidence also shows that Ms. Sansig and Ms. Lotts had a close friendship and that, on October 22, 1999, less than two months before writing the holographic document at issue here, Ms. Sansig prepared and signed a brief document that, while incapable of being a valid will, by its terms purported to leave Ms. Sansig's estate to Ms. Lotts, save ten percent of Ms. Sansig's cash and less debts, funeral expenses, and taxes.

The Court, therefore, after careful and considered review of both intrinsic and extrinsic evidence, determines that the holographic writing by Ms. Sansig is a valid will and the Court finds for Defendant Shirley Lotts.