## CIRCUIT COURT OF FAIRFAX COUNTY

In re Estate of
Helen W. McKagen

March 24, 2015

Case Nos. CL-2014-15175 and FI-2014-2305

By Judge Robert J. Smith

This matter came before the Court on December 5, 2014, on the Executor's motion to have two handwritten notes included with the decedent's will accepted as true holographic codicils to the will. For the reasons set forth below, the Executor's motion to admit the December 7, 2012, writing to probate is granted, and the motion to admit the March 2, 2012, writing to probate is denied.

### I. *Factual Background*

Helen McKagen died testate on November 10, 2014. Three grandchildren survived her: Branden McKagen, Nika McKagen, and Ian Kustchatka. Her daughter-in-law Tatiana McKagen survived her as well. Her will, dated April 27, 2006, was admitted to probate. In the will, she appointed her grandson, Branden McKagen, as the executor of the estate.

In addition to the April 27th will, two handwritten notes, dated March 2, 2012, and December 7, 2012, were presented to the probate office to be admitted as holographic codicils to the will. The March 2, 2012, note reads: "3-2-12 I would like Ian to have $50,000.00. His address is in address book near telephone [sic] in living room. Ian Kustchatka. Signed Helen W. McKagen."

The second handwritten note reads: "Branden — If my assets are over $750,000 at the time of my demise, I would like Ian to have $50,000.00. It's not in the will but I trust you. That is my wish. Thanks, Helen. 12-7-12." The margin of the note reads: "His address is in address book near the telephone."

## II. *Issue Presented*

The issue presented to the Court is whether these two notes meet the requirements for a holographic codicil in accordance with Virginia Code § 64.2-403(B).

## III. *Standard for Admitting a Holographic Codicil*

Virginia Code § 64.2-403(B) provides: "A will wholly in the testator's handwriting is valid without further requirements, provided that the fact that a will is wholly in the testator's handwriting and signed by the testator is proved by at least two disinterested witnesses." Va. Code § 64.2-403(B). The term "will" includes a codicil. Va. Code § 64.2-100.

In addition to the requirements for having a holographic testamentary document, the document must also show that the testator meant for the document to have testamentary effect. *Wolfe v. Wolfe*, 248 Va. 359, 360, 448 S.E.2d 408 (1994). "Without such intent, no document can be considered as effectively disposing of the author's property. Testamentary intent is determined by looking at the document itself, not from extrinsic evidence. Whether a particular writing evidences testamentary intent must be determined on a case-by-case basis." *Id.* (*citing McCutchan v. Heizer*, 217 Va. 938, 941, 234 S.E.2d 275 (1977); *Mumaw v. Mumaw*, 214 Va. 573, 577, 203 S.E.2d 136 (1974); *Searls v. Perry*, 184 Va. 1044, 1047, 37 S.E.2d 11 (1946)).

## IV. *Analysis*

### A. *Establishing the Holographic Document*

To establish a holographic codicil, the first requirement is to demonstrate that the writing is wholly in the testator's handwriting. This must be demonstrated by two disinterested witnesses. In this case, the Executor has provided the depositions of two witnesses who have attested to the handwriting being that of the decedent. The sufficiency of the witnesses' testimony has not been challenged and is not an issue before this Court. Therefore, the first requirement of admitting a holographic codicil has been satisfied for both the March and December notes.

### B. *The Signature Requirement*

The second requirement for establishing any holographic codicil is that the document must include the signature of the testator. Va. Code § 64.2-403. However, nowhere in the statute is there a definition of what shall constitute a "signature." *Id.* In addressing this question, the Virginia Supreme Court has stated that, "the meaning of 'signature' is not restricted to a written name. Where the testator puts his mark to the subscription

of his name to his will ... this is sufficient signing within the meaning of the statute." *Ferguson v. Ferguson*, 187 Va. 581, 590, 47 S.E.2d 346 (1948) (citations omitted). Similarly, in the earlier case *Pilcher v. Pilcher*, 117 Va. 356, 366, 84 S.E. 667 (1915), the Virginia Supreme Court found that the testator's initials, rather than his full name, were sufficient to meet the statutory requirements of a signature. From these decisions, this Court concludes that a testamentary document signed with only the first name of the testator meets the requirement of a signature. The only limitation on this rule is that the document must be signed in such a manner as to make it clear that the name was intended as a signature.

In this case, the March 2, 2012, note does not raise any question of whether the signature is sufficient because the testator included her full signature on the note. By contrast, the December 7, 2012, note merely includes the testator's first name, "Helen." Based on the Virginia Supreme Court's approach to signatures, the December 7, 2012, note cannot be held invalid merely because the testator has signed only with her first name. It appears that the decedent intended this to be the signature to her note, which is evidenced by the use of "Thanks" prior to signing her name and the fact that the name is written at the conclusion of the note. Given that the first name alone is sufficient as a signature, both the March 2, 2012, and the December 7, 2012, writings meet the first requirement for establishing a holographic document.

## C. *The Requirement of Testamentary Intent*

As noted above, the final requirement for a holographic codicil is a showing of testamentary intent. *Wolfe v. Wolfe*, 248 Va. 359, 360, 448 S.E.2d 408 (1994). "To qualify a writing as a valid codicil to a will, the proponent of the writing must show more than an expression of how a testator wants his property distributed. The proponent of the proposed codicil must show that the writing itself was executed by the testator with the intent that it have testamentary effect." *Id.* "This testamentary intent need not be expressed in formal language in the will, provided that the face of the instrument establishes such intent." *Berry v. Trible*, 271 Va. 289, 298, 626 S.E.2d 440 (2006) (*citing Moon v. Norvell*, 184 Va. 842, 850, 36 S.E.2d 632 (1946)). "Whether a particular writing evidences testamentary intent must be determined on a case-by-case basis." *Wolfe*, 248 Va. at 360 (*citing Searls v. Perry*, 184 Va. 1044, 1047, 37 S.E.2d 11 (1946)).

Here, the March writing does not possess the requisite testamentary intent to be probated as a holographic codicil. "The word 'testamentary' means 'applicable or related to death; having to do with dispositions or arrangements effective upon the happening of that event'." *Bailey v. Kerns*, 246 Va. 158, 162, 431 S.E.2d 312 (1993) (*quoting Poindexter v. Jones*, 200 Va. 372, 376, 106 S.E.2d 144 (1958)). In the March writing, the testator merely states that she would like Ian Kustchatka to receive $50,000,

without any reference to her will, her estate, or even some time period for when this disposition should be made. Without any indication that this transaction was meant to occur at her death, the March writing does not have the testamentary intent necessary to establish the codicil. Therefore, the motion to probate the March 2, 2012, note must be denied.

By contrast, the December note contains the requisite testamentary intent to establish the note as a holographic codicil. In the note the testator states, "If my assets are over $750,000 at the time of my demise, I would like Ian to have $50,000.00." The language specifically indicates that the testator does not expect this transfer to occur until her death, and only if her estate is valued at over $750,000. Both of these statements indicate the testamentary intent of the testator, and, therefore, the final requirement for establishing a holographic codicil is satisfied by the December 7, 2012, note.

## V. *Conclusion*

For the foregoing reasons, the motion to admit to probate the December 7, 2012, note with the will is granted, and the motion to admit to probate the March 2, 2012, note with the will is denied.